1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clyde E. CHARLES, Jr., Defendant-Appellant.
 No. 92-3513.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 9, 1993.*
Decided Aug. 3, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Clyde E. Charles, Jr. appeals his conviction for knowingly using a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c) on the ground that the government's evidence was insufficient to support a guilty verdict. Charles also contends that the district court abused its discretion by taking judicial notice of the fact that the indictment against him alleged a crime of violence, claiming that this amounted to impermissibly relieving the government of its burden of proof on an essential element of the charged offense. We affirm.
 
 I. BACKGROUND
 
 2
 A federal grand jury indicted Clyde E. Charles of extortion in an attempt to collect a drug debt in violation of 18 U.S.C. Sec. 894 (Count 1), use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. Secs. 924(c)(1) and (2) (Count 2), and possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g) (Count 3). After a jury trial, Charles was convicted of all three counts. He was sentenced to concurrent terms of 235 months imprisonment on Counts 1 and 3, a consecutive term of sixty months imprisonment on Count 2, and three years of supervised release.
 
 
 3
 At trial, the alleged victim of the extortion, Jay Mulvey, testified that he owed $600 to Steve Cramer for some cocaine that Cramer had fronted to Mulvey. On the evening of January 8, 1992, Mulvey was at the Players Club, a bar in Galesburg, Illinois, when Charles arrived. Mulvey agreed to accompany Charles to Cramer's residence to discuss the debt. Soon after they arrived, Cramer and Charles pinned Mulvey down on a couch and began beating him. Several other people intervened to stop the beating. When those people left, Cramer took a gun from an end table and handed it to Charles. Charles struck Mulvey with the gun and pointed it to Mulvey's head, insisting that Mulvey make good the debt. Mulvey then agreed to give Cramer his Harley-Davidson motorcycle in lieu of the $600 he owed.
 
 
 4
 Holding the gun under his coat, Charles accompanied Mulvey to Mulvey's residence to pick up the motorcycle. While Mulvey made a show of looking for the motorcycle, Mulvey's father, Dale Mulvey, arrived and observed Charles strike Mulvey and threaten to kill Mulvey's son. Charles then left the house. Through a window, Mulvey and Dale Mulvey observed Charles pointing the gun toward the area of the kitchen where they were standing. Dale Mulvey went to a gun cabinet and pulled out a shotgun. Shots were exchanged and Charles was wounded. Still in possession of the gun, Charles was driven back to Cramer's house by several friends. Galesburg police later retrieved the gun from the home of Doug Williams, a friend of Cramer's.
 
 
 5
 In Count 1 of the indictment, Charles was charged with "knowingly participat[ing] in the use of extortionate means to collect and attempt to collect from Jay L. Mulvey an extension of credit, that is, [Charles] did threaten the use of force and use physical force to cause harm to the person of Jay L. Mulvey...." (Appellant's Br., App. at 3). The district court granted the government's oral motion that it take judicial notice of the fact that Count 1 of the indictment alleged a "crime of violence," which could therefore serve as a predicate offense for purposes of Count 2, use of a firearm during the commission of a crime of violence. The jury was instructed that it must consider each count and the evidence relating to it separately, and that it may, but is not required to accept judicially noticed facts as proved. The legal definition of the term "crime of violence" was also given. Although the jury returned guilty verdicts on all three counts, Charles only appeals his conviction of Count 2.
 
 II. ANALYSIS
 
 6
 A. The "admission of evidence by judicial notice."
 
 
 7
 Charles claims that the district court abused its discretion by granting the government's request to take judicial notice of the fact that Count 1 of the indictment charged Charles with a "crime of violence" within the meaning of 18 U.S.C. Sec. 924(c)(3). Charles argues that the court impermissibly relieved the government of its burden of proving that Charles knowingly used or carried a firearm during or in relation to a crime of violence, an essential element of a Sec. 924(c)(1) violation. As the district court noted at the time it granted the government's request, the issue of whether the statutory definition of a "crime of violence" properly applies to Count 1 of the indictment is a question of law for the court to determine. Cf. Taylor v. United States, 110 S.Ct. 2143 (1990) (whether burglary is a "violent felony" for purposes of Sec. 924(e) sentence enhancement is a question of law).
 
 
 8
 In order to convict Charles of the use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1), the underlying substantive offense must be a "crime of violence" as defined by 18 U.S.C. Sec. 924(c)(3). This statute defines a "crime of violence" as any felony that
 
 
 9
 (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 
 
 10
 (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 11
 In this case, the underlying offense is knowing participation in the use of extortionate means to collect an extension of credit in violation of 18 U.S.C. Sec. 894. An "extortionate means" is further defined as "any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. Sec. 891(7).
 
 
 12
 Although the definition of "extortionate means" implies that a violation of Sec. 894 may involve either violent or nonviolent means, Count 1 of the present indictment expressly charged Charles with the threat and use of physical force against Jay L. Mulvey in order to accomplish the extortion. The predicate offense as charged therefore meets the definition of a "crime of violence" under Sec. 924(c)(3)(A).[1] The only remaining issue is whether the district court's instructions confused the jury into thinking that the government was not required to prove that Charles actually used the violent means alleged in order to extort money or property from Mulvey.
 
 
 13
 The record reveals that the district court carefully instructed the jury concerning the elements of each charged offense, and stated that in order to obtain a conviction, the government was required to prove each element of the offense beyond a reasonable doubt. Although the district court properly took judicial notice of the fact that Count 1 of the indictment charged a "crime of violence," the court also instructed the jury that it was not compelled to accept judicially noticed facts. It is conceivable that this instruction may have led the jury to believe that it need not consider Count 1 of the indictment (the extortion charge) as a predicate offense for purposes of Count 2 (the use of a firearm in relation to a crime of violence charge). Thus, if there was any confusion concerning the government's burden of proof on Count 2, it was more likely to benefit Charles rather than the government.[2] Because the district court properly took notice that as a matter of law, Count 1 of the indictment alleged a "crime of violence" for purposes of Count 2, and did not relieve the government of its burden of proof of an essential element of Count 2, Charles' challenge to his Sec. 924(c)(1) conviction on this ground must fail.
 
 
 14
 B. Sufficiency of the evidence.
 
 
 15
 As this court has frequently observed, an appellant who challenges the sufficiency of the evidence upon which his conviction rests bears a very heavy burden. "We will uphold the conviction if the evidence, when viewed in the light most favorable to the government, establishes that any rational trier of fact could have found the defendant guilty of the crime charged beyond a reasonable doubt." United States v. Shetterly, 971 F.2d 67, 70 (7th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This standard does not permit a court to reweigh the evidence or to resolve conflicts in testimony. See, e.g., Herrera v. Collins, 113 S.Ct. 853, 861 (1993) (citing Jackson, 443 U.S. at 318-20 & n. 13).
 
 
 16
 In support of this claim, Charles points to a possible minor discrepancy between the testimony of Jay Mulvey and Christine Gray, who was present at the Cramer residence when the first altercation between Charles, Cramer and Mulvey occurred. Although Mulvey testified that Cramer took a gun from an end table and handed it to Charles, Gray testified that while she was in the Cramer household, she did not notice the presence of a gun. Apart from the fact that Mulvey's and Gray's testimony are not necessarily in conflict, the decision to credit Mulvey's account of the incident belongs to the jury and will not be disturbed on appeal. See United States v. Binkley, 903 F.2d 1130, 1134 (7th Cir.1990); United States v. Whaley, 830 F.2d 1469, 1472-73 (7th Cir.1987), cert. denied, 486 U.S. 1009 (1988).
 
 
 17
 Moreover, the jury was presented with ample evidence that Charles was armed when he accompanied Mulvey to his residence to collect the drug debt owed to Cramer, that while there he struck Mulvey, continued to threaten Mulvey with physical harm, and exchanged gunfire with Dale Mulvey. "All that is required to support a conviction under Sec. 924(c)(1) is that the defendant be shown to have possessed or had control of a firearm during the commission of the underlying crime, and that the circumstances of the case show that the firearm facilitated or had a role in the crime, ..." United States v. Bafia, 949 F.2d 1465, 1475 (7th Cir.1991) (internal quotations, citations omitted), cert. denied, 112 S.Ct. 1989 (1992); see also United States v. Wilson, 938 F.2d 785, 791-92 (7th Cir.1991), cert. denied, 112 S.Ct. 946 (1992); United States v. Vasquez, 909 F.2d 235, 239-40 (7th Cir.1990), cert. denied, 111 S.Ct. 2826 (1991). From the evidence presented, a rational jury could easily conclude beyond a reasonable doubt that Charles used or carried a firearm during or in relation to a crime of violence.
 
 CONCLUSION
 
 18
 Charles' conviction is accordingly AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Although appellant indicated "Oral Argument Requested" on the cover of his brief, he did not file a statement subsequent to receipt of the notice. The appeal has accordingly been submitted on the briefs and record
 
 
 [1]
 As the Ninth Circuit recently observed, "where a defendant has been convicted under a statute describing crimes of both violence and non-violence, we need only find that the charged crime for which the defendant was convicted constitutes a 'crime of violence' to conclude categorically that the charged offense may serve as a predicate for a Sec. 924(c) violation." United States v. Mendez, No. 91-50807, slip op. at 4943 (9th Cir. May 12, 1993). See also Taylor, 110 S.Ct. at 2160 (where state burglary statute applies to entry of autos as well as buildings, and defendant was charged only with burglary of a building, Sec. 924(e) enhancement is proper)
 
 
 [2]
 The only way to make sense of Charles' argument is to assume that the jury convicted Charles of extortion through the use of nonviolent rather than violent means, and then made improper use of judicially noticed facts to characterize Charles' extortion conviction as a crime of violence for purposes of Count 2 of the indictment. This is not only implausible, but flatly contradicts the language of the indictment and ignores the fact that the government never attempted to show that the extortion was accomplished through nonviolent means